**[DO NOT PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-15018
Non-Argument Calendar

_____

D.C. Docket No. 03-00005-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS WAYNE LEFEBVRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 18, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

This case is before the court for consideration in light of *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). We previously affirmed Lefebvre's conviction and sentence. *See United States v. Lefebvre*, No. 03-15018 (11th Cir. April 21, 2004) (unpublished).

The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*. Lefebvre concedes in his supplemental brief that he did not raise any *Blakely* or *Booker* type issues in the district or appellate courts. He first raised such an issue in his petition for writ of certiorari in the United States Supreme Court. Lefebvre also acknowledges in his supplemental brief that the standard of review is plain error affecting substantial rights.

This court has discretion to correct an error under plain error review where there is (1) error; (2) that is plain; (3) affects the defendant's substantial rights; and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v.Curtis*, 400 F.3d 1334, 1335 (11th Cir. 2005).

In its supplemental brief, the government concedes that the district court erred when it sentenced Lefebvre pursuant to the sentencing guidelines. The

*Booker* error satisfied the first two prongs of the plain error test. *See United States v. Rodriguez*, 398 F.3d 1291, 1298-99 (11th Cir. 2005). Lefebvre bears the burden to establish the third prong of plain error, namely, that the *Booker* error affected his substantial rights. *United States v. Duncan*, 400 F.3d 1297, 1302 (11th Cir. 2005). Where the third prong of the plain error test is met, the fourth is also met. *United States v. Shelton*, 400 F.3d 1325, 1333-34 (11th Cir. 2005). Thus, the third prong is decisive.

Lefebvre argues that the *Booker* error affected his substantial rights, because if the sentencing guidelines had been merely advisory, he would have received a lower sentence. He argues that the district court's failure to state what sentence it would have imposed if the guidelines were advisory is not the end of the inquiry, citing *United States v. Curtis*, 400 F.3d 1334. In *Curtis*, we found the *Booker* error did not affect the defendant's substantial rights because the district court had imposed a sentence at the top of the guideline range. 400 F.3d at 1336. In *Curtis* we explained that a sentence at the top of the guidelines is inconsistent with an argument that the court would have imposed a lesser sentence if the court had considered the guidelines advisory only. *Id.*

In our view, *Curtis* defeats Lefebvre's argument, because he was sentenced in the middle of the guidelines. If the district court had any misgivings about the

reasonableness of the sentencing guideline range, it would not have imposed a sentence above the bottom of the range. Moreover, the district court did not state at sentencing that the guideline range was too harsh or that it would have imposed a different sentence if the sentencing guidelines were not mandatory. The district court expressly stated that the sentence was reasonable given the amount of drugs and Lefebvre's criminal history. Accordingly, we conclude from the record that Lefebvre fails to prove that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion." *Shelton*, 400 F.3d at 1332 (citation omitted).

After our reconsideration of this case and in light of *Booker*, we reinstate our previous opinion in this case and affirm Lefebvre's convictions and sentences.

**OPINION REINSTATED IN PART; CONVICTIONS AND SENTENCES AFFIRMED.**

4